UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A, <br><br> Plaintiff, <br> v. <br><br> TIARA SUMMIT HOMEOWNERS ASSOCIATION, *et al.*, <br><br> Defendants. | Case No. 2:16-cv-00611-APG-GWF <br><br> **REPORT AND RECOMMENDATION** |

## BACKGROUND

This matter is before the Court on Defendant Alessi & Koenig's failure to retain counsel. On July 16, 2018, the Court granted Steven Loizzi, Jr. Esq.'s Motion to Withdraw as Counsel for Defendant Alessi & Koenig, LLC and instructed Defendant to retain new counsel no later than August 10, 2018. *See* ECF No. 61. On September 6, 2018, the Court entered an Order regarding Defendant's failure to retain new counsel and instructed Defendant to advise the Court if it will retain new counsel by September 14, 2018. *See* ECF No. 63. On September 11, 2018. Interested Party and Chapter 7 Bankruptcy Trustee, Shelley D. Krohn, filed a status report informing the Court that Alessi & Koenig's automatic stay under 11 U.S.C. § 362 had been terminated for all purposes, with the exception that collection of a judgment obtained against Alessi & Koenig may only be pursued against the Debtor in the United States Bankruptcy Court for District of Nevada. *See* ECF No. 64. Although Defendant is a defunct entity pursuant to the Bankruptcy Court proceedings, it is still a party to this matter and the Court will proceed as such.

On October 11, 2018, the Court directed Defendant to show cause, in writing, no later than October 25, 2018 why default should not be entered for Defendant's failure to retain new counsel and for failure to comply with this Court's prior orders. To date, Defendant has failed to

respond to this Court's order to show cause. The Court warned Defendant that failure to timely respond may result in the recommendation to the District Judge that default judgment be entered against Defendant.

## **DISCUSSION**

A corporation is not permitted to appear in federal court unless it is represented by counsel. *U.S. v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Although a non-attorney may appear on his own behalf to represent himself, that privilege is personal to him. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). An individual has no authority to appear as an attorney for anyone other than himself. *Id.*

Rule 41(b) of the Federal Rules of Civil Procedure allows for the dismissal of an action based on a party's failure to obey an order of the Court. Further, the Supreme Court has held that district courts have the power to dismiss actions *sua sponte* based on a plaintiff's failure to comply with a court order. *See Link v. Wabash R. Co.* 370 U.S. 626, 630-31 (1962); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ferdik*, 963 F.2d at 1260-61; *see also Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The Ninth Circuit has held that the public's interest in expeditious resolution of litigation always favors dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Defendant has failed to obtain new counsel pursuant to the Court's explicit deadline and has also failed to request an extension or explain its failure to the Court. The Court's resources are best allocated to cases with active parties seeking to resolve their claims according to the rules of the Court. Therefore, the first and second factors weigh in favor of dismissal. Unreasonable delay will result in a presumption of prejudice. *Anderson v. Air West., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). A plaintiff may

2

rebut the presumption of prejudice by offering a non frivolous explanation for the delay. *Nealey v. Transportation Maritime Mexicana, S.A.*, 662 F.2d 1275, 1281 (9th Cir. 1980). Considering Defendant's failure to obtain successor counsel without offering an explanation, the Court finds that the delay in this matter is not reasonable, and, therefore, the third factor weighs in favor of dismissal. Public policy favors resolution of cases on their merits whenever possible and, as such, the fourth factor weighs against dismissal. Defendant has been advised that corporations are not permitted to appear in federal court unless they are represented by counsel. The Court allowed Defendant time to retain counsel, warned that failure to retain counsel could result in an order to show cause and the imposition of sanctions, and ordered Defendant to show cause why default should not be entered. Because the Court has exercised less drastic alternatives without success, the fifth factor weighs in favor of dismissal. Accordingly,

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that default be entered against Defendant Alessi & Koenig.

Dated this 31st day of October, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1                                    **NOTICE**

2           Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must

3   be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court

4   has held that the courts of appeal may determine that an appeal has been waived due to the

5   failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

6   This circuit has also held that (1) failure to file objections within the specified time and (2)

7   failure to properly address and brief the objectionable issues waives the right to appeal the

8   District Court's order and/or appeal factual issues from the order of the District Court. *Martinez*

9   *v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452,

10  454 (9th Cir. 1983).