UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No.: 2:16-cv-00611-APG-EJY |
| Plaintiff | **Order Granting Motion for Default Judgment** |
| v. | [ECF No. 101] |
| TIARA SUMMIT HOMEOWNERS ASSOCIATION, et al., | |
| Defendants | |

Cross-claimant SFR Investments Pool 1, LLC (SFR) moves for default judgment against cross-defendant Michelle Ong. ECF No. 101. Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default is entered, a party may seek entry of default judgment under Rule 55(b).

Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (CD. Cal. 2004) (citation omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Peno v. Seguros La*

*Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether to grant a default judgment lies within my discretion. *Id.*

I consider the following factors in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

The clerk of court entered default against Ong. ECF No. 96. Ong has not appeared in this case. Thus, there is no procedural impediment to entering a default judgment.

The first *Eitel* factor considers whether SFR will suffer prejudice if a default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, No. 214-CV-00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev. July 13, 2016). Because Ong is not participating in this case, if default judgment is not entered, SFR will be unable to pursue its claim against her. This factor weighs in favor of entry of default judgment.

The second and third *Eitel* factors examine whether the "plaintiff state[s] a claim on which the plaintiff may recover." *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978); *see also* Fed. R. Civ. P. 8. SFR's cross-complaint seeks a declaration that the HOA foreclosure sale extinguished Ong's interest in the property. SFR alleges that it acquired the property by successfully bidding for it at a properly conducted, publicly held HOA foreclosure sale. ECF No. 29 at 10-14. I must accept these allegations as true. Fed. R. Civ. P. 8(b)(6); *TeleVideo*, 826 F.2d at 917-18. At the time of this foreclosure sale, a properly conducted HOA foreclosure sale

extinguished the prior homeowners' interest and vested title in the purchaser "without equity or right of redemption." Nev. Rev. Stat. § 116.31166 (2012).  Thus, the second and third *Eitel* factors weigh in favor of the entry of a default judgment declaring that Ong's interest in the property has been extinguished.

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Earth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010)); *PepsiCo.*, 238 F. Supp. 2d at 1176.  SFR's request for a declaration that Ong's interest in the property is extinguished is proportional to the effect of a properly conducted HOA foreclosure sale.  SFR does not seek any monetary relief against Ong.  Thus, the fourth *Eitel* factor is satisfied as to the declaratory relief requested.

The fifth *Eitel* factor weighs the possibility of a dispute regarding material facts in the case. *PepsiCo.*, 238 F. Supp. 2d at 1177.  Ong's failure to respond suggests there are no disputed material facts.  Thus, the fifth *Eitel* factor weighs in favor of entry of default judgment.

The sixth *Eitel* factor considers whether Ong's default is due to excusable neglect. *PepsiCo.*, 238 F. Supp. 2d at 1177.  SFR served Ong in March 2020. ECF No. 49.  The clerk of court entered default against Ong in May 2016 and she still has not appeared. ECF No. 96. There is no evidence before me that the failure to respond is due to excusable neglect. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action).  Given the time period during which Ong had

notice of this case yet failed to appear, it is unlikely that she failed to respond due to excusable neglect. Thus, the sixth *Eitel* factor weighs in favor of entry of default judgment.

Finally, the seventh *Eitel* factor takes into account the policy favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But Ong's failure to respond to the complaint "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering a default judgment. A decision on the merits is desirable, but under these circumstances, default judgment is warranted.

I THEREFORE ORDER that the cross-claimant SFR Investments Pool 1, LLC's motion for default judgment against cross-defendant Michelle Ong **(ECF No. 101) is GRANTED**. The clerk of court is instructed to enter judgment in favor of SFR Investments Pool 1, LLC and against Michelle Ong as follows: It is hereby declared that the homeowners association's non-judicial foreclosure sale conducted on December 5, 2012 extinguished any interest Michelle Ong had in the property located at 10037 Barengo Avenue in Las Vegas, Nevada.

I FURTHER ORDER the clerk of the court to close this case.

DATED this 22nd day of January, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE